IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT CRAWFORD,<br><br>Petitioner,<br><br>vs.<br><br>JAY DOYLE, et al.,<br><br>Respondents. | Cause No. CV 13-189-M-DWM-JCL<br><br>FINDINGS AND<br>RECOMMENDATION OF U.S.<br>MAGISTRATE JUDGE |

On September 17, 2013, Petitioner Robert Crawford filed a petition for writ of habeas corpus. Crawford is proceeding pro se.

Crawford filed his federal petition to challenge the validity of his arrest on charges of violating the terms of his probation or parole, Pet. (Doc. 1) at 4-5 ¶¶ 13A-B, 8 ¶ 13D; the conditions of his confinement at the Lake County Jail, id. at 7 ¶ 13C, 10 ¶13F; lack of access to appropriate discovery and alleged destruction of evidence in connection with criminal and revocation proceedings, id. at 8-9 ¶ 13E; his inability to obtain pretrial release on bail due to a no-bond hold in connection with pending revocation proceedings, id. at 9 ¶13E; alleged violation of his right to a speedy trial, id. at 10-11 ¶ 13G; and alleged ineffective assistance of counsel, id. at 12 ¶ 13H.

Crawford states that he raised some of these claims in habeas petitions to the

1

trial court. Pet. at 4 ¶12. He explains that, as a detainee, he cannot obtain notary services, yet the petition is required to be "verified." He concludes that he has done what he can to exhaust his state judicial remedies. *E.g.*, Pet. at 7-8 ¶ 13C(ii)-(v).[1]

For the following two reasons, Crawford's petition should be dismissed in its entirety.

First, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence," *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003), or where there is no "potential relationship between his claim and the duration of his confinement," *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004). Crawford's claims regarding the conditions of his confinement, Pet. at 7 ¶ 13C, 10 ¶ 13F, should be dismissed because they are not cognizable in habeas.

Second, before he may file any claim in federal court, Crawford must exhaust his state judicial remedies with respect to that claim by using the state's normal channels for review, including presenting his federal claims to the Montana Supreme Court. *Rose v. Lundy*, 455 U.S. 509, 520 (1981). This is true with respect to both his claims relating to the criminal case and his claims relating to the revocation matter. Because Crawford has not presented his claims to the Montana

---

[1] Because Crawford is represented by counsel, there is no reason to believe he is unable to have a petition notarized, even assuming notarization is required for "verification."

2

Supreme Court through its normal channels, none of his claims is exhausted.

A certificate of appealability, 28 U.S.C. § 2253(c)(2), is not appropriate. Even if all Crawford's claims were cognizable in habeas, reasonable jurists would not find any exhausted claim. There is no reason to encourage further proceedings in this Court at this time. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Crawford's claims regarding the conditions of his confinement at the Lake County Jail, Pet. at 7 ¶ 13C, 10 ¶13F, should be DISMISSED for lack of jurisdiction.

2. All other claims should be DISMISSED as unexhausted.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Crawford may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

determination by the district judge and/or waive the right to appeal.

<u>Crawford must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 27th day of January, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge